BOMAR v. EZELL.

1. Under the practice prevailing in 1859, in action by the ordinary on an administration bond after decree, the parties at whose instance the action was prosecuted were required to endorse their names on the record, and only they could claim any rights in the action, or be liable for the costs.

2. When, therefore, such an action was brought, and afterwards discontinued, distributees whose names were not so endorsed, and for whose benefit the action was not instituted, cannot have an order to restore the case to the docket.

Before KERSHAW, J., Spartanburg, June, 1883.

The opinion fully states the case.

*Messrs. J. S. R. Thomson* and *S. Wilson*, for appellants.

*Messrs. Bomar & Simpson*, contra.

March 23, 1885. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an application for an order to restore the above entitled case to the docket and refer the same to Geo. W. Nichols, judge of probate, "for the purpose of passing upon and assessing the amounts due upon the claims of those legatees of Ezekiel Dobbins, deceased, against the defendant, James H. Ezell, that have not been satisfied." The notice of this motion was signed by Messrs. J. S. R. Thomson and Stanyarne Wilson, "attorneys for William Potter and other children of Nancy Potter, deceased."

The application was based first upon the affidavit of one of the

above named attorneys, stating, upon information and belief, that
the above entitled cause was on the docket of the Court of Com-
mon Pleas on March 29, 1871, when an order was taken, on the
motion of Mr. Elford, plaintiff's attorney, referring the case to
Benjamin Wofford, judge of probate, "for his adjudication and
to assess the amounts due the several legatees in interest, more
especially that due to Marvel Cash;" that no action was taken
under this order, and the case, remaining in abeyance, was left
off the docket until March 29, 1879, when, on motion of Dun-
can & Cleveland, the case was restored to the docket, "it having
been left off by mistake," and the reference previously ordered
was directed to be held by Geo. W. Nichols, judge of probate
and successor in office of Wofford, the former referee; that, in
accordance with this order, a reference was held and testimony
taken on August 22, 1879, but no report was made and no
further proceedings had, owing to the fact that the claim of the
legatee represented by the attorneys who took the order was set-
tled by the defendant, Ezell, and the referee being of opinion
that said legatee was the only party in interest, and not knowing
of the existence of others, or misconstruing the scope of the
order of reference, concluded that it was unnecessary for him to
take any further steps in the matter; that the case remained on
the docket until March, 1880, when it was marked "discontin-
ued" by consent of the attorneys representing the defendant and
the said satisfied legatee; that there are other legatees of said
Ezekiel Dobbins, to wit, the children of Nancy Potter, whose
claims have not been satisfied, now represented by the attorneys
making this motion, and that said claims have not yet been adju-
dicated, or the amounts due upon them assessed; that the action
was commenced for the purpose of enforcing the payment by the
said Ezell of the amounts which had been previously decreed by
the said ordinary to be due by the said Ezell as administrator
(with the will annexed, as it subsequently appears) of Ezekiel
Dobbins to his several legatees, among whom were the said Mar-
vel Cash and the said children of Nancy Potter.

Next follows the affidavit of Mr. Cleveland, one of the firm of
Duncan & Cleveland, to the effect that his firm represented Mar-
vel Cash, and did not represent the children of Nancy Potter,

and therefore when their client was settled with, as has been stated, they took no further proceedings in the case, and consented that it should be marked "discontinued." Finally the record in the case was presented, being a declaration on the administration bond of the defendant, filed October 2, 1867, with order for judgment November 2, 1867; but as a plea is also endorsed on the declaration, and the case seems to have been at issue for many terms of the court, the probability is that this order for judgment was set aside and the defendant allowed to put in his plea, although the rule to plead had expired, as was very frequently done under the old practice.

The motion was resisted by the defendant, who made the following showing: First, his own affidavit, stating that in May, 1872, in answer to a citation issued by Benj. Wofford, judge of probate, which appears, from the copy appended to the "Case," was entitled "*Marvel Cash* v. *J. H. Ezell*," and required him to show cause "why an execution should not be issued against you in the above stated case," he appeared and showed for cause "that he had invested the amounts decreed against him in favor of Marvel Cash and the other legatees of Ezekiel Dobbins in Confederate bonds;" that his showing was deemed satisfactory, and the matter was abandoned by the attorney then representing said Cash, who was present at the hearing, and at whose instance the citation was issued; that he heard no more of the matter until after the case had been restored to the docket in 1879, which was done without any notice to him; that thereafter he did compromise and settle the claim of said Cash, and that before said compromise was made, he had frequent conversations with one John Potter, who claimed to have a power of attorney from the heirs of said Nancy Potter to collect whatever might be due them out of the estate of said Ezekiel Dobbins, and said John Potter knew that this case was then pending for the benefit of the said Marvel Cash.

Then follows the affidavit of Benj. Wofford, who stated that he as judge of probate did, on May 27, 1872, issue the citation above mentioned, and that said Ezell appeared in obedience thereto and made the showing above stated, which was deemed satisfactory, and the matter was thereupon abandoned by the

attorney of said Marvel Cash, at whose instance the citation was issued; that he never held any reference in the case of *John Earle Bomar, Ordinary,* v. *James H. Ezell,* and according to his recollection and understanding that action (being the same in which the motion now under consideration was made) was brought for the benefit of Marvel Cash.

Upon hearing these affidavits and the argument of counsel, Judge Kershaw passed an order refusing the motion made by the plaintiff to redocket the case, stating at the time "that as the decree of the ordinary against the defendant herein in favor of the heirs of Nancy Potter, deceased, among the other legatees of Ezekiel Dobbins, deceased, had been rendered on April 26, 1859, and more than twenty years had elapsed since that date, and no action brought within that time by the heirs of Nancy Potter, deceased, they were barred by presumption of payment, and could have no interest in having the case redocketed."

The plaintiff appeals upon the ground "that the Circuit judge erred (1) in holding that the decree of the ordinary having been rendered against the defendant herein in favor of the heirs of Nancy Potter, among the other legatees of the deceased Ezekiel Dobbins, on the 26th day of April, 1859, and more than twenty years having elapsed since that date, and no action having ever been brought by the heirs of said Nancy Potter upon said decree, they are now barred by presumption of payment, notwithstanding the fact that this cause was begun as a declaration upon the administration bond of the defendant in 1867, was never pressed into judgment, and was on the calendar of this court as late as March, 1880. (2) In refusing to grant their motion to restore this cause to the docket, so that the rights of the heirs of Nancy Potter under said decree may be enforced and restored."

As we understand the practice which prevailed at the time this action was originally commenced, after a decree by the ordinary, or by the Court of Equity, ascertaining the amounts due by an administrator to the distributees of his intestate, an action could be brought, in the name of the ordinary, at the instance of any one or more of the distributees, against the administrator upon his administration bond, and upon proof of the breach thereof

judgment would be rendered for the penalty; whereupon the parties at whose instance the action was commenced, and any others who might choose to come in upon the same conditions, might have their damages assessed and execution for the same. But the parties at whose instance the action was commenced were required to endorse their names upon the record as the real parties in interest, and as such liable for costs. Until this was done, ·no distributee, even though he might have a decree of the ordinary in his favor, could be regarded as a party to the action on the bond, or claim any rights as such, or be subject to any liability for the costs of such action.

It seems to us, therefore, that the insuperable obstacle which the children of Nancy Potter, in whose behalf this motion is made, have to encounter, is the fact that it does not appear that they were ever parties to the case which they are seeking to re-docket; for certainly one who is not a party cannot have any right to such an order. This is doubtless the real ground upon which the motion was refused in the Circuit Court, for it is manifest that Judge Kershaw did not consider them as parties to the action, and we think he had good reason for reaching that conclusion. In the first place, it does not even yet appear who are the children of Nancy Potter, what their names are, or what their number. All that does appear in the "Case," and that only incidentally, by the signature to the notice of the motion, is that William Potter is one of them. We are, therefore, bound to conclude that they were not·made parties in the proper way by endorsing their names on the record as the real parties in interest, and as such liable for costs. But more than this, the testimony of Wofford shows that the action was brought for the benefit of Marvel Cash, and this is confirmed by the action of the other Judge of Probate, Nichols, who, when the claim of Cash was satisfied, regarding him as the only party in interest, took no further steps in the case. So that there is not only no evidence that the children of Nancy Potter ever made themselves parties to this action, but, on the contrary, all the testimony goes to show that they were not parties.

It may be said, however, that they can come in now and make themselves parties, and thus obtain such a standing in court as

would entitle them to have · their motion granted.  But to say .nothing of the effect of the great lapse of time which' might of itself be sufficient, we think they are too late.·  The case was entered on the docket as "discontinued" in March, 1880, and, in the absence of any showing to the contrary, we are bound to assume that the judge did so, either by the consent of the plaintiff, or of the real party in interest, or that such a showing was made as would justify such an entry even without consent.  And certainly after a case has been discontinued it is too late for any person to become a party thereto.

The first ground·of appeal which imputes error to the Circuit judge, in saying that after the lapse of twenty years the decree· of the ordinary would be presumed paid, is based upon the assumption that the children of Nancy Potter were originally parties to this action, which, as we have seen, is without foundation, and therefore it cannot be sustained.  Indeed, we do not understand that Judge Kershaw based his refusal of the motion upon the ground that the ·decree would be presumed paid after the lapse of twenty years, but, after refusing the motion, he merely stated that after such a lapse of time the presumption of payment would arise, and therefore the children of Nancy Potter "could have no interest in having the case redocketed."

The judgment of this court is that the judgment of the Circuit Court be affirmed.